UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEONEL VILLALOBOS and
MARIBEL VILLALOBOS,

　　　　　　　　　Plaintiffs,

v.

BAC HOME LOANS SERVICING LP,

　　　　　　　　　Defendant.

Case No. 12-CV-281-JPS

Bankruptcy Case No. 11-02102

ORDER

　　　　On March 23, 2012, the court received a report and recommendation from United States Bankruptcy Judge Pamela Pepper, including proposed findings of fact and conclusions of law, regarding the issue of whether the court should impose an equitable lien in favor of the defendant on the plaintiffs' rental property.

　　　　According to the findings of fact proposed by the bankruptcy court, the plaintiffs, Leonel Villalobos and Maribel Villalobos, owned two properties – their homestead and a rental property. In March of 2007, the plaintiffs attempted to refinance a loan on their homestead through Countrywide Bank ("Countrywide") (of which the defendant, BAC Home Loans Servicing LP, was a successor). However, one month after completing the closing on the loan, the plaintiffs discovered that Countrywide applied the loan proceeds to pay off the mortgage on the plaintiffs' rental property

instead of the homestead property.[1] As a result, plaintiffs had free and clear title on the rental property and two mortgages encumbering their homestead. Moreover, this error meant that Countrywide (now BAC Home Loans) paid off the plaintiffs' rental property in full, but had no lien against that property. Instead, Countrywide had a recorded mortgage on the plaintiffs' homestead. Yet, because its loan had not been applied toward the first mortgage on the homestead (held by U.S. Bank Home Mortgage), Countrywide's lien on the homestead was second, behind that of U.S. Bank Home Mortgage.

On December 20, 2010, plaintiffs filed a petition under Chapter 13 of the Bankruptcy Code. On February 11, 2011, plaintiffs filed an adversary proceeding against BAC Home Loans, asking the bankruptcy court to determine that BAC Home Loans's second mortgage on the homestead (and its third mortgage for a home equity line of credit) were unsecured under 11 U.S.C. § 506(d), such that the defendant's liens for those mortgages could be voided.

The defendant filed an answer and asserted a counterclaim against plaintiffs. The counterclaim asserted that plaintiffs had been unjustly

---

[1] According to an uncontradicted affidavit submitted by plaintiffs, the plaintiffs noticed at the closing that documents incorrectly stated that the borrowed funds would be paid to the holder of the mortgage on their rental property. Plaintiffs attest that they notified the closing agent of the error – that the payment should be made to the holder of the mortgage on the homestead, not the holder of the mortgage on the rental property. The closing agent told them not to worry and that he would correct the error when he returned to the office. One month later, the plaintiffs discovered that the closing agent never corrected the error. When plaintiffs sought to have the error corrected yet again, Countrywide informed them that there was nothing that could be done under the circumstances.

enriched, that the defendant inadvertently paid off the rental property rather than the homestead property and, thus, that the defendant was entitled to be equitably subrogated to first lien priority on the rental property, despite the fact that the defendant did not have a mortgage on the rental property. Subsequently, the parties filed cross-motions for summary judgment on the issue of whether the court should impose an equitable lien in favor of the defendant on the plaintiffs' rental property. Because the parties could not agree whether the defendant's counterclaim constituted a "core" proceeding, and the plaintiffs did not consent to the bankruptcy court's authority to enter a final order on the counterclaim, the bankruptcy court issued a report and recommendation to this court on the cross-motions for summary judgment, including proposed findings of fact and conclusions of law. *See* 28 U.S.C. § 157(c)(1); *see also Stern v. Marshall*, 131 S.Ct. 2594 (2011); *In re Ortiz*, 665 F.3d 906 (7th Cir. 2011).

The bankruptcy court has recommended that the district court grant the plaintiffs' motion for summary judgment, deny the defendant's motion for summary judgment, and dismiss the defendant's counterclaim requesting imposition of an equitable lien on the rental property in favor of the defendant. As noted by the bankruptcy court, "the purpose of an equitable lien is to prevent unjust enrichment." *In re Kirchner*, 372 B.R. 459, 463 (Bankr. W.D. Wis. 2007). Yet, here, the bankruptcy court found that the court's refusal to impose an equitable lien in the defendant's favor would not unjustly enrich the plaintiffs as plaintiffs did not accept or retain a benefit "under circumstances making it inequitable for [them] to retain the benefit." *In re Stoffregen*, 206 B.R. 939, 944 (Bankr. E.D. Wis. 2007). Instead, the

Case 2:12-cv-00281-JPS   Filed 05/21/12   Page 3 of 5   Document 2

bankruptcy court found that the defendant holds a second mortgage on the plaintiffs' homestead – rather than holding a first mortgage on that property or holding a mortgage on the rental property – not due to any action on the part of the plaintiffs, but because the defendant erroneously applied the proceeds of the loan to pay off the wrong lien. Accordingly, the bankruptcy court concluded that it would be improper to impose an equitable lien on the rental property in favor of the defendant.

When a bankruptcy judge submits proposed findings of fact and conclusions of law to the district court in a proceeding that is not a core proceeding, but that is otherwise related to a case under the Bankruptcy Code, any final order or judgment is required to be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected. 28 U.S.C. § 157(c)(1). In this case, neither party filed objections to the bankruptcy judge's proposed findings of fact or conclusions of law. Having carefully reviewed these findings and conclusions, the court finds that they should be adopted in their entirety. Accordingly, the court will also enter a final order and judgment granting the plaintiffs' motion for summary judgment, denying the defendant's motion for summary judgment, and dismissing the defendant's counterclaim.

Accordingly,

IT IS ORDERED that the March 23, 2012 report and recommendation of United States Bankruptcy Judge Pamela Pepper (Docket #1) that: the plaintiff's motion for summary judgment as to the defendant's counterclaim be granted; the defendant's motion for summary judgment as to the

defendant's counterclaim be denied; and, the defendant's counterclaim be dismissed be and the same is hereby ADOPTED;

IT IS FURTHER ORDERED that the plaintiffs' motion for summary judgment, asking that the court not impose an equitable lien on the rental property in favor of the defendant, be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the defendant's motion for summary judgment, asking that the court impose an equitable lien on the rental property in favor of the defendant, be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the defendant's counterclaim requesting imposition of an equitable lien on the rental property in favor of the defendant be and the same is hereby DISMISSED with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge